SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
RYAN P. CUNNINGHAM, Cal. Bar No. 275813
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:   858.720.8900
Facsimile:   858.509.3691
E mail        skorniczky@sheppardmullin.com
              rcunningham@sheppardmullin.com

Attorneys for Plaintiff TikTok Inc. and
ByteDance Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIKTOK INC. AND BYTEDANCE INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANDRE PERSIDSKY, an individual,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |

　　　　Plaintiffs TikTok Inc. ("TTI") and ByteDance Inc. ("BDI") (collectively, "Plaintiffs"), by and through the undersigned counsel, file this Complaint for Declaratory Judgment of Non-Infringement against Andre Persidsky ("Defendant") and in support of Plaintiffs' Complaint allege as follows:

**INTRODUCTION**

　　　　1.　　This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code.

　　　　2.　　TikTok is the leading destination for short-form mobile video.  TikTok is a mobile software application and online entertainment platform used by over 100 million Americans.

3. On information and belief, Defendant is the sole owner of U.S. Patent No. 11,398,993 ("the '993 Patent" or "Patent-at-Issue").  Defendant's prior actions and statements have created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement as to whether certain aspects of the TikTok app infringes the Patent-at-Issue.

4. On September 22, 2022, Defendant provided Plaintiffs with what he believed to be evidence of alleged infringement of the '993 Patent by the Accused Product. Specifically, Defendant alleges that the Countdown Sticker Interactive Add-on (the "Accused Product") available for certain advertisements within the TikTok app infringes claim 9 of the '993 Patent.

5. On October 3, 2022, Defendant further alleged that advertisements were run "in a manner [Defendant] believe is clearly infringing our patent."

6. In response to Defendant's allegations, Plaintiffs informed Defendant that based on a review of the patent and the materials provided by Defendant, Plaintiffs believed the Accused Product did not practice the claims of the '993 Patent.

7. Subsequently, on October 21, 2022, Defendant wrote, "Unfortunately I don't have a lot of time to continue dealing with this. I can extend these discussions until next Thursday October 27th. If you'd like to move forward on it, great, and I think I've already signaled that we would offer you a good reasonable deal on it. If not, after the 27th I'm probably just going to hand it off to a firm here which specializes in this kind of thing to handle it for me, as again I have limited time."

8. On October 26, 2022, Defendant informed Plaintiffs that he had identified a Texas-based patent litigation law firm which was "very interested in protecting my [Defendant's] patent on a contingency basis."

9. On October 26, 2022, Defendant offered to sell the patent to Plaintiffs, but stated the offer expired on October 28th, 2022, and beyond that time the law firm previously identified would "handle" the matter.

10. Plaintiffs have a reasonable apprehension that Defendant will file suit and assert that the Accused Product infringes the '993 Patent. Defendant has asserted infringement of the '993 Patent against Plaintiffs, and the pre-suit communications demonstrate that it is highly likely that Defendant intends to file suit against Plaintiffs. In the meantime, Defendant's accusations and the threat of litigation continues to cause harm and unpredictability to Plaintiffs' business.

11. Thus, Plaintiffs bring this action to obtain declaratory judgment that the Accused Product does not infringe the '993 Patent, directly or indirectly, literally, or under the doctrine of equivalents.

## THE PARTIES

12. Plaintiff TTI is a California corporation having its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230.

13. Plaintiff BDI is a Delaware corporation having its principal place of business at 250 Bryant Street, Mountain View, California 94041.

14. On information and belief, Defendant Mr. Persidsky is an individual residing in this District at 591 Seaver Drive, Mill Valley, CA 94941.

## JURISDICTION AND VENUE

15. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

16. The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

17. Defendant is subject to personal jurisdiction in this Court at least because Defendant is a resident of this District and domiciled in this District.

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims alleged in this Complaint

-3-

occurred in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.  According to Defendant's LinkedIn profile, he is based in San Francisco, CA, which is within this District.

19. This District is the most convenient District for the present declaratory judgment claims because, among other things, Defendant located in this district is both the named inventor of the Patent-at-Issue as well as the party seeking to assert the patent against Plaintiffs.  Therefore, many of the relevant witnesses and evidence are located in this District.

20. For these reasons and the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

**INTRADISTRICT ASSIGNMENT**

21. This is an intellectual property action subject to district-wide assignment pursuant to Local Rules 3-2(c) and 3-5(b).

**THE PATENT-AT-ISSUE**

22. On July 26, 2022, the U.S. Patent and Trademark Office issued the '993 Patent to Defendant Andre Persidsky.  The '993 Patent is entitled "Two-part messaging with specified delay."  The application leading to the '993 patent was filed on May 23, 2020 and claims priority to U.S. Provisional Patent Application No. 62/852,311, filed on May 24, 2019.

23. A true and correct copy of the '993 Patent is attached hereto as Exhibit A.

24. On information and belief, Defendant is the sole owner of all right and title to the '993 Patent.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,398,993)**

25. Plaintiffs repeat and reallege Paragraphs 1 through 24 of this Complaint.

26. Plaintiffs have not infringed and do not infringe any claims of the '993 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents.

27. Claim 9 of the '993 Patent is directed to:

> 9. A method for messaging with a specified delay, the method comprising:
>
> receiving a messaging information from a first user device, wherein the messaging information comprises a first message, a second message and a timing information;
>
> validating the received messaging information;
>
> generating a computing resource for the first message and the second message;
>
> initiating a countdown timer, based on the timing information, for access to the second message;
>
> outputting the countdown timer within the computing resource for the first message; and
>
> enabling access to the second message based on the countdown timer; and
>
> enabling access to any of the first and the second message based on the timing information.

28. The Accused Product is the Countdown Sticker Interactive Add-on functionality, which "add(s) a timer to your video ad to catch your audience's attention and create a feeling of urgency." https://ads.tiktok.com/help/article?aid=10007621.  The Countdown Sticker Interactive Add-on adds an interactive element to advertisements, which viewers can click to be "redirected to [a] landing page you provided."  Using the Countdown Sticker Interactive Add-on, a Countdown Sticker can be set up using a sticker title, a countdown deadline, sticker dimensions (ie. color, display angle, placement, and size), and a destination URL.

29. The Accused Product does not infringe claim 9 of the '993 Patent because the Accused Product does not include every limitation required by claim 9. As one example, claim 9 of the '993 Patent requires "initiating a countdown timer, based on the timing information, for access to the second message" and "enabling access to the second message based on the countdown timer." The Accused Product does not meet these limitations, either directly or under the doctrine of equivalents, at least because the Accused Product does not "initiate a countdown timer…for access to the second message" or "enable access to the second message based on the countdown time" as the term is used in the '993 Patent. The Accused Product utilizes a countdown timer to "create a feeling of urgency" in the viewer. In the Accused Product, the countdown timer is initiated by the previously set countdown deadline and no other factors. In addition, a destination URL does not meet the definition of a "second message" as taught by the '933 Patent. Therefore, at least these claim limitations are not practiced by the Accused Product.

30. Similarly, the Accused Product does not infringe claim 9 of the '993 Patent because it does not practice the limitation of "enabling access to any of the first and the second message based on the timing information." The purpose of Countdown Sticker Interactive Add-on in advertisements is to "create a feeling of urgency." The destination URL of the Countdown Sticker Interactive Add-on is the same as the underlying advertisement's destination URL. Therefore, the destination URL is always accessible to the viewer and remains interactive. At no point does the Countdown Sticker Interactive Add-on enable access to any first or second message based on the timing information provided.

31. Accordingly, at least for the above reasons, the Accused Product does not infringe independent claim 9 of the '993 Patent, either literally or under the doctrine of equivalents. Furthermore, independent claims 1 and 14 recite similar limitations to claim 9, and therefore the Accused Product does not infringe those two independent claims either literally or under the doctrine of equivalents for similar reasons.

32. Plaintiffs also do not induce infringement of the '993 Patent, or otherwise indirectly infringe the '993 patent, for at least the reasons stated above with respect to no underlying direct infringement of the '993 Patent, because Plaintiffs have not acted with the specific intent necessary for induced infringement.

33. Plaintiffs also do not contributorily infringe the '993 Patent for at least the reasons stated above with respect to no underlying direct infringement of the '993 Patent, because Plaintiffs have not acted with the specific intent necessary for contributory infringement.

34. As set forth above, there exists an actual controversy between Plaintiffs and Defendant with respect to alleged infringement of the '993 Patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '993 Patent are infringed.

35. Accordingly, Plaintiffs request a judicial determination and declaration of the respective rights and duties of the parties with respect to the '993 Patent. Such a judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the asserted claims of the '993 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

A. Declaring that judgment be entered in favor of Plaintiffs and against Defendant;

B. Declaring that the Accused Product has not and does not infringe, either directly, contributorily, by inducement, or willfully, any claim of the '993 Patent;

C. Finding this to be an exceptional case under 35 U.S.C. § 285, and awarding Plaintiffs reasonable attorney's fees;

D. Awarding Plaintiffs costs associated with this case; and

E.   Awarding Plaintiffs any other remedy or relief to which Plaintiffs may be entitled and which the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Plaintiffs hereby demand a trial by jury of all issues so triable in this action.

Dated:  November 1, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Stephen S. Korniczky
STEPHEN S. KORNICZKY
RYAN P. CUNNINGHAM

Attorneys for Plaintiffs TikTok Inc. and ByteDance Inc.